IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BERNADETTE BARROSO, et al.,

Plaintiffs,

v.

SANTA CROCE ANESTHESIA, P.S.C., et al.,

Defendants.

CIVIL NO. 23-1478 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On July 16, 2026, the Court ordered Plaintiffs to formally request leave to present the testimony of three proposed witnesses at trial via virtual means, Mr. Anthony Gage, Dr. Christine Pletkova and Mrs. Dee Goyal, and to detail the reasons for their inability to testify in person (as opposed to a mere inconvenience) and the legal grounds for their request. The Court further asked Plaintiffs to explain how their remote testimonies would not nullify the 100-mile limitation imposed by Fed.R.Civ.P. 45 (c) considering the three proposed witnesses are in Virginia and beyond the Court's subpoena power. (Docket 204).

Plaintiffs complied, arguing that under Katzin v. United States, 124 Fed. Cl. 122, 125 (2015), the Court should allow the virtual testimony. They proffer that their "good cause" is the great distance between Virginia where the witnesses are located and San Juan, the disruption to their patients should they attend the trial in person and the importance of live testimony is met by live video transmission. They argue that Fed.R.Civ.P. 43 and Fed.R.Civ.P. 45 attend different scenarios which are not present in

Bernadette Barroso, et al. v. Santa Croce Anesthesia, P.S.C., et al.
Opinion and Order
Civil No. 23-1478 (CVR)
Page 2
_____

this case, insofar as Fed.R.Civ.P. 45(c) governs the Court's power to compel an unwilling witness and Fed.R.Civ.P. 43(a) pertains to the way testimony is presented once a witness is properly before the Court.  They argue Fed.R.Civ.P. 45 is inapposite here because the three witnesses are willing to testify and do not have to be subpoenaed.  (Docket No. 233).

Defendants respond that the "good cause" offered by Plaintiffs is only inconvenience and scheduling which falls outside the "good cause in compelling circumstances" demanded by Fed.R.Civ.P. 43(a).  They additionally aver that the fact that Plaintiffs' treating physicians reside in Virgina was known to them and entirely foreseeable since the beginning of this case.  Additionally, Defendants posit that each witness is beyond this Court's subpoena power under Fed.R.Civ.P. 45(c), and Fed.R.Civ.P. 43(a) does not extend that reach.  In support of their position, Defendants cite to Dachman v. Maestre Grau, Civil No. 18-1421 (RAM), Docket No. 200 (D.P.R. Oct. 20, 2022), where the Court allowed expert witness testimony to be presented remotely because all parties had consented.  On the other hand, it denied a remote treating physician's testimony, finding lack of good cause as "the justifications articulated in Plaintiff's motion were reasonably foreseeable to Plaintiff from the commencement of this action."[1]  (Civil No. 18-1421 (RAM), Docket No. 200).  On this basis, Defendants move the Court to deny Plaintiffs' request.  (Docket No. 251).

## ANALYSIS

Fed.R.Civ.P. 43(a) states: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules

---

[1] Plaintiff in Dachman argued that "[t]he distant location of these witnesses [in the continental United States] and the challenges of traveling during COVID-19 times present good cause in compelling circumstances for remote testimony." (Civil No. 18-1421, Docket No. 151).

adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

The decision to allow remote testimony pursuant to Rule 43(a) "lies within the district court's discretion." Williams v. City of Brockton, Civil No. 12-10430-JGD, 2014 WL 12914391, at *1 (D. Mass. Nov. 24, 2014) (*citing* Eller v. Trans Union, LLC, 739 F.3d 467, 477 (10th Cir. 2013)); see also Fed. R. Civ. P. 43(a).  The "good cause" requirement "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial," and "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed.R.Civ.P. 43. While justification might also be "likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness," "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."  Fed.R.Civ.P. 43, N. to 1996 Amd.

At least one case in this district has joined several other district courts within the First Circuit in holding that if the movant shows "good cause" and "compelling circumstances" remote testimony may be permitted and a subpoena pursuant to Fed.R.Civ.P. 45(c) may be issued if the witness' compliance with the subpoena is within the 100-mile requirement set forth in that rule. Cotto-Vazquez v. United States, Civil No. 16-2807 (SCC), 2022 WL 22896098, at *1 (D.P.R. Sept. 12, 2022);  Walsh v. Tara Constr., Inc., Civil No. 19-10369, 2022 WL 1913340 (D. Mass. June 3, 2022); Off. Comm. of

Unsecured Creditors v. Calpers Corp. Partners LLC, Civil No. 18-68, 2021 WL 3081880 (D. Me. July 20, 2021).

The Court acknowledges that no subpoena is needed in this case insofar as the witnesses will appear voluntarily, but Fed.R.Civ.P. 43's requirements of good cause and compelling circumstances are still necessary, and it finds Plaintiffs have not met their burden. Defendants' proffered explanation, to wit, the distance and "current clinical responsibilities and patient care considerations" is practically the same as the original reason they gave, namely that "their employers have not authorized them to appear in person in Puerto Rico *due to other professional commitments*". (Docket No. 203, pp. 63-64) (emphasis added). The three witnesses are not unavailable for "unexpected reasons" such as accidents or illness. On the contrary, it was entirely foreseeable that their travel to Puerto Rico would be necessary, given that Plaintiffs themselves would have to make travel arrangements to be present and testify at their own trial. See Walsh, 2022 WL 1913340, at *1 (indicating that courts should consider whether the party requesting remote testimony could have "reasonably foresee[n] the circumstances" that would render live testimony impracticable, citing to Fed.R.Civ.P. 43 Advisory Comm. N. to 1996 Amd.).

In the same vein, there are no new issues presented or a sudden and unexpected inability to present planned testimony from a different witness, as the notes to Fed.R.Civ.P. 43 indicate, that would support a deviation from the norm and allow the remote testimony. As stated in its Order at Docket No. 240, remote testimony is simply less reliable than in-person testimony and carries with it potential for bias and reduced juror engagement.

The Court is equally unconvinced by Plaintiffs' additional proffered reason, that "Mrs. Barroso and Mr. Soto raise the issue now, promptly upon learning the providers' position." (Docket No. 233, p. 5).  The jury trial in this case was set over a year ago, in August 2025, and this date was agreed to by all counsel.  (See Docket No. 126).  Plaintiffs had ample time to notify their respective witnesses in the case about the date and the need for their in-person testimonies when the trial date was set one year ago.  Plaintiffs chose to live in the United States mainland and have medical practitioners there.  Plaintiffs and their counsel must have known that in-person testimony of their treating physicians would be required if no settlement was reached.

The Katzin case, 124 Fed. Cl. 122, cited by Plaintiffs is not binding on this Court, insofar as it is not from this district but rather from the United States Court of Federal claims.  Additionally, the circumstances in Katzin were markedly different since the witness was to appear via video teleconference from a federal courthouse and where a court official would be present during the testimony.  The In re: San Juan Dupont Plaza Hotel Fire Litig., 129 F.R.D. 424, 425-26 (D.P.R. 1989) is likewise distinguishable because the trial was held before the 1996 "good cause in compelling circumstances" standard, and was a class action involving several thousand plaintiffs, over 200 hundred defendants and thousands of testimonies.  This case, on the other hand, is a run of the mill medical malpractice case which is no different from other cases this Court sees and tries daily.

Finally, Plaintiffs propose that they will administer the oath, confirm the witnesses' identity on the record and ensure that no person is present with the witness. (Docket No. 233, p. 7). They claim this proposal complies with the safeguards of Fed.R.Civ.P. 43(a). The Court is unconvinced because their proposal is completely self-serving and does not

Bernadette Barroso, et al. v. Santa Croce Anesthesia, P.S.C., et al.
Opinion and Order
Civil No. 23-1478 (CVR)
Page 6
_____

guarantee reliability.  Moreover,  the location where the witnesses will be at during their testimonies is not identified nor how the exhibits would be presented and controlled during direct and cross-examinations and how the integrity of the transmission would be assured.  In sum, Plaintiffs are putting the burden on the Court to establish at the last minute a specific protocol without submitting a viable one for the Court's consideration.

For these reasons, Plaintiffs' request at Docket No. 233 to present remote testimony is DENIED.

### CONCLUSION

Having shown no good cause for their request to allow the remote testimony  of Mr. Anthony Gage, Dr. Christine Pletkova and Mrs. Dee Goyal, Plaintiffs' request is DENIED. (Docket No. 233).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 29th  day of July 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE